### 6065.  COVINGTON *et al. v.* THE STATE.

On a trial for assault and battery it was prejudicial error to admit in evidence, over the objection of the defendants, a threatening postal-card addressed to the person alleged to have been assaulted, and signed with letters corresponding to the initials of the name of one of the defendants, where there was no attempt to identify the writing as that of either of the defendants, and no other evidence tending to connect either of them with the sending of the card, and where the date on which it purported to have been written and postmarked, as well as the time at which it was received, was several weeks later than the time of the alleged assault.

DECIDED DECEMBER 22, 1914.

Accusation of assault and battery; from city court of Albany—Judge Clayton Jones.  October 15, 1914.

*Peacock & Gardner,* for plaintiffs in error.

*Cruger Westbrook, solicitor,* contra.

BROYLES, J.  Walter Covington and Betsie Covington, his wife, were convicted in the city court of Albany of the offense of assault and battery upon the person of Jennie Jones.  Upon the trial the presiding judge, over the objection of the defendants' counsel, allowed the State to put in evidence a postal-card contained in an envelope addressed to "Jennie Jones, Pine St. Alley, near Guano Factory, Albany, Ga."  The postal-card had upon it the following writing:  "Albany, Ga., Nov. 15/13.  Jennie:  Move out by Monday.  Fear not.  Last warning.  It is up to you.  A hint to the wise should be sufficient.  Yours truly, W. C."  The date written on the card, the postmark on the envelope, and the testimony of Jennie Jones, the prosecutrix, showed that the letter was received by her several weeks after the alleged assault.

Even if the proof had shown that this card had been written by one of the defendants, it was clearly not a part of the res gestæ, and its admission in evidence, over objection, would have been error; but when no evidence was introduced to show that either of the defendants had written or mailed the card, nor that the writing of the card was in the handwriting of either, nor that either had any connection whatever with the writing or sending of the card, its admission in evidence, over objection, was clearly reversible error.  The card was signed "W. C.," the initials of one of the defendants, and contained threatening language directed against the prosecutrix, and as the legal evidence would have authorized a ver-

33

dict either of guilty or of acquittal, this illegal documentary evidence may have turned the scales of justice and produced the verdict rendered.

The trial judge erred in not granting a new trial.

*Judgment reversed.*